**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID E. EDWARDS, | No. 12-15845 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00298-LKK-DAD |
| v. | |
| PECK, Cpt., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

California state prisoner David E. Edwards appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his right to adequate sanitation by prohibiting him from possessing a

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

plastic bucket that he used to wash clothing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment because Edwards failed to raise a genuine dispute of material fact as to whether defendants' removal of a plastic bucket that Edwards used to wash his personal, as opposed to state-issued, clothing was sufficiently grave to form the basis of an Eighth Amendment violation. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." (quoting *Rhodes v. Chapman*, 452 U.S. 447, 347 (1981)).

**AFFIRMED.**